## CHARLES C. ARNAO v. MINNEAPOLIS & ST. PAUL SUBURBAN RAILROAD COMPANY AND ANOTHER.[1]

January 15, 1937.

No. 31,102.

[1]Reported in 270 N. W. 910.

See 193 Minn. 498, 259 N. W. 12.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough,* and *Nathan A. Cobb,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action for damages on account of injuries sustained as the result of the negligence of defendant street railway company.

This is the second time this case has been before us on appeal. In Arnao v. M. & St. P. S. R. Co. 193 Minn. 498, 259 N. W. 12, this court reversed an order of the trial court denying plaintiff's motion for a new trial after verdict had been directed in favor of defendant. All facts and issues pertaining to the question of defendant's liability are clearly set out and considered in the former opinion, and it is unnecessary to repeat them.

Defendant, however, contends that we erred in construing the statute upon which defendant's liability hinges and that we have the power to review a former decision in the same case and overrule it. It is urged that the doctrine of "the law of the case" is a rule of practice and not a principle of substantive law or a limitation on the power of the court. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 398.

We have no quarrel with that contention; but, after considering this case on its merits, we are constrained to adhere to the prior decision. No new questions are presented bearing upon defendant's liability, and we are far from convinced that the prior decision was erroneous.

The statute involved in this case, 1 Mason Minn. St. 1927, § 4744, reads as follows:

"Every such company shall build and maintain on each side of all lines of road owned and operated by it, good and substantial fences, and shall build and maintain good and sufficient cattle

guards at all road and street crossings and other openings, except at station and depot grounds, and other places which the necessary business of the road or public convenience requires to be open."

We see little merit in defendant's contention that since the place where plaintiff was injured was a station there was no duty upon defendant to maintain fences and cattle guards. It is quite clear that there is no exception to such requirement unless, as stated in the statute, the place is one "which the necessary business of the road or public convenience requires to be open." It is not reasonable to suppose that the legislature intended that there be no duty to fence or maintain cattle guards at any station or depot regardless of necessity thereof for the safety of those intended to be protected by the statute. Rather, it was intended that each exception to the requirement of fencing be conditional upon necessity at the particular place in question, be the place a station, depot, or anything else; and we so hold. It has already been determined on the prior appeal that "the necessary business of the road or public convenience" did not require the place in question to be open, and we need not delve into the matter here.

Only one new question is presented: Are the damages awarded excessive?

The jury awarded $15,000.

As a result of being struck by the streetcar, the back part of plaintiff's head was crushed in. She suffered a severe fracture of the occipital and parietal bones on the back and side of the head. She was dangerously ill for about ten days. During that time it was noted that both optic nerves were swollen, and in order to prevent blindness an operation was performed. After hospitalization for a period of three weeks, she was allowed to go home, but for many weeks it was necessary to have a nurse in attendance.

The case was tried more than five years after the date of the accident. The injury had left a long scar, permanent in character, on the back of the head. The medical witnesses produced by plaintiff stood unquestioned. The injury rendered her partially blind; that is, the injury to her head had affected the optic nerves, re-

sulting in an inability to use the outer half of the right eye and the inner half of the left eye. This condition is permanent and prevents her from seeing to the left without turning her head.

It is unnecessary to discuss the many obvious ways in which this permanent defect will handicap the plaintiff throughout her life. Suffice to note that plaintiff was only about 26 months of age at the time of the accident and has a probable life expectancy of about 50 years. The physical impairment will cause her much suffering and hardship during those years, and there is no way in which this impairment can be corrected. The wearing of glasses will avail nothing.

Considering all these facts, we are impelled to the conclusion that the amount of the verdict is reasonable, and there is no ground for disturbing it.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

